Donna **COLLINS** and Gary Collins, parents of disabled student A.C., Plaintiffs–Appellees,

v.

**BOARD OF EDUCATION OF the RED HOOK CENTRAL SCHOOL DISTRICT, Defendant–Appellant.**

No. 05–0559–cv.

United States Court of Appeals, Second Circuit.

Jan. 9, 2006.

Rosa Lee Charpentier; Family Advocates, Inc.; Kingston, New York, for Appellees.

PRESENT: Hon. ROSEMARY POOLER, Hon. ROBERT KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Red Hook School District ("School District") appeals the district court's judgment in favor of Donna and Gary Collins, Plaintiffs–Appellees ("Collins"), who brought suit on behalf of their child, A.C., under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et. seq.* Because we find that the district court failed to grant proper deference to the State Review Officer's determinations and improperly granted summary judgment to the plaintiffs, we reverse. Familiarity with the record below and issues on appeal is presumed.

School districts administer services to students who have been classified as disabled under the IDEA according to "individualized education programs" ("IEPs"), which are implemented by the School District each year. Parents who disagree with the appropriateness of an IEP may request an administrative review, enroll their child unilaterally in a private school and request retroactive reimbursement. However, if parents "unilaterally change their child's placement during the pendency of review proceedings, without the consent of state or local officials, [they] do so at their own financial risk." *Sch. Comm. v. Dep't of Educ.*, 471 U.S. 359, 373–74, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

Here, the plaintiffs challenged the 1990–2000 school year IEP proposed by the School District and unilaterally placed their child in The Kildonan School, a private school. Both the Impartial Hearing Officer ("IHO") and then the State Review Officer ("SRO") found that the School District's IEP had been reasonably calculated to enable the child to receive the educational benefit contemplated by the IDEA and that the proposed placement for the 1999–2000 school year had been appropriate. The district court, however, granted the plaintiffs' summary judgment motion. The court reversed the determinations of the SRO finding the private school placement, and not the 1999–2000 IEP, appropriate. The district court then granted

the parents tuition reimbursement for the school year.

We review *de novo* the district court's decision to grant summary judgment. *See, e.g., Sherman v. Mamaroneck Union Free Sch. Dist.*, 340 F.3d 87, 92 (2d Cir.2003). "Whether the district court correctly applied the IDEA's statutory and regulatory provisions to the facts of a particular case is a mixed question of law and fact, which we also review de novo." *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191 (2d Cir.2005). Federal courts reviewing administrative decisions must give 'due weight' to the administrative proceedings and remain "mindful that the judiciary generally 'lack[s] the specialized knowledge and experience' necessary to resolve 'persistent and difficult questions of educational policy.'" *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir.1998)(quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)).

The Supreme Court and our circuit have interpreted the IDEA as strictly limiting judicial review of state administrative decisions. *See Walczak*, 142 F.3d at 129; *Rowley*, 458 U.S. at 204, 102 S.Ct. 3034. The federal court's review of administrative determinations "'is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities.'" *Sherman*, 340 F.3d at 93 (2d Cir.2003)(quoting *Rowley*, 458 U.S. at 206, 102 S.Ct. 3034).

In this case, both the IHO's and the SRO's decision showed "thorough and careful" review, for which, this court has stated, "'[j]udicial deference is particularly appropriate.'" *M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 66

(2d Cir.2000)(quoting *Walczak*, 142 F.3d at 129). To determine whether the School District's IEP afforded the student a free, legally appropriate public education ("FAPE"), we ask: (1) whether the District complied with the procedural requirements of the IDEA and (2) whether the proposed IEP is reasonably calculated to enable the student to receive educational benefits. *Rowley*, 458 U.S. at 206–207, 102 S.Ct. 3034. There is no dispute that the procedural requirements were met. Applying the required deference to the SRO in this case, we conclude that the IEP in question met the requirements of the IDEA.

We find that the SRO's determination should be affirmed.[1] We have considered the plaintiffs' additional arguments and find them without merit.

For the foregoing reasons, we REVERSE the judgment below, and remand to the District Court with instructions to dismiss the complaint.

**Li Xue YUE,[1] Petitioner,**

---

1. This outcome would remain if during the administrative hearing the burden had been placed on the plaintiffs-appellees, the parties challenging the IEP, as the Supreme Court recently established in *Schaffer v. Weast*, ——

U.S. ——, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005).

1. The official caption is hereby amended to